UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD GLASSEY,

    Plaintiff,

    v.

D-LINK CORPORATION, and DOES 1-10,

    Defendants.
_____/

No. C 06-6128 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiff Todd Glassey filed the instant action on September 29, 2006, alleging violations of the Computer Fraud and Abuse Act and other statutory and common law claims, as a result of defendant D-Link Corporation's ("D-Link") alleged unauthorized actions with respect to plaintiff's proprietary business. Plaintiff operates several Internet based "network time service depots," which appear to relate to the provision of network systems.

    The complaint specifically states that D-Link should be held liable for its "unauthorized programming of Glassey.com's IP addresses into its routers as a pre-programmed feature without Glassey.com's permission." According to plaintiff, D-Link's actions constitute fraud and tortious interference, and are furthermore actionable under the Computer Fraud and Abuse Act, and federal racketeering statutes.

    On October 16, 2006, plaintiff filed an ex parte application for a temporary restraining order, and a request for an order to show cause regarding a preliminary injunction. Plaintiff claims that a temporary restraining order and order to show cause are necessary "to prevent D-Link's unauthorized actions from driving [plaintiff] out of business and destroying his relationship with his Network Services provider." See Mot. at 1:15-20.

Plaintiff seeks an order preventing D-link from either selling or deploying in any form, without proper authorization, any "devices" that are programmed to use plaintiff's privately operated Internet based services.

Plaintiff, however, has not filed a proof of service indicating that his request has been served on defendant, nor has he complied with the requirements of Federal Rule of Civil Procedure ("FRCP") 65(b). Accordingly, his request is hereby DENIED.

In addition, plaintiff has not satisfied the standard for issuance of a temporary restraining order in this court. To prevail on a motion for preliminary injunctive relief (which includes temporary restraining orders), a plaintiff must demonstrate a strong likelihood of success on the merits, the possibility of irreparable injury to plaintiff if preliminary relief is not granted, a balance of hardships favoring the plaintiff, and advancement of the public interest (in certain cases). See Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief may be granted if the plaintiff demonstrates either a combination of probably success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in their favor. Id.

Here, plaintiff has made no showing of a likelihood or a probability of success on the merits of the claim asserted in the complaint. In addition, while he has arguably made some showing of injury, he has not established a possibility that the injury is irreparable. Nor has he provided any information regarding the balance of hardships. The court will not consider an application for a temporary restraining order or a motion for preliminary injunction, unless the plaintiff makes a reasonable attempt to meet the above-cited Ninth Circuit standard.

**IT IS SO ORDERED.**

Dated: October 16, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2